**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FABIAN VELASQUEZ ROQUE,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-13-0810** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **MR. MOSER**, *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

## I. Introduction

On March 26, 2013, Mr. Roque filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] He is presently confined at SCI-Coal Township, in Coal Township, Pennsylvania. Named as defendants are the following individuals: Mr. Moser; Ms. Jeramiah and Ms. Katski.[2] (Doc. 1, Compl.) Mr. Moser and Ms. Jeramiah, are employees of the Pennsylvania Department of Corrections (DOC) and are represented by agency counsel. Ms. Kaskie, a contract mental health professional, is represented by separate counsel.

---

[1] Pursuant to the prison mailbox rule, an inmate's complaint is deemed filed the moment the inmate delivers it to prison officials to be mailed, not the date it is received by the Court. *Houston v. Lack*, 847 U.S. 266, 275-76, 108 S.Ct. 2379, 2384-85, 101 L.Ed.2d 245 (1988).

[2] The correct spelling of Ms, Katski's name is "Kaskie". *See* Doc. 12. Accordingly, the Court will refer to Ms. Kaskie by her correct name.

Presently before the Court are two motions seeking the revocation of Mr. Roque's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) due to his accumulation of three or more actions that were dismissed as frivolous or malicious, or for failure to state a claim. (Doc. 11, Katskie's Motion to Dismiss and Doc. 15, DOC Defendants' Motion to Exclude Plaintiff from Proceeding without Prepayment of Filing Fees.) Also pending before the Court is the DOC's Motion to Stay their obligation to respond to the Complaint pending this Court's decision regarding Mr. Roque's *in forma pauperis* status. (Doc. 17.)

The defendants' motions to revoke Mr. Roque's *in forma pauperis* standing will be granted. The Court will vacate the first paragraph of our June 18, 2013, Order granting Mr. Roque's motion to proceed *in forma pauperis*. Plaintiff will be given the opportunity to pay the filing fee in this matter. The defendants obligation to respond to the Complaint is stayed pending Mr. Roque's payment of the filing fee in this matter.

**II.     Background**

On March 26, 2013, Mr. Roque gave Mr. Moser, and Ms. Jeramiah the names of two inmates involved in a scheme to harm him. (Doc. 1, Compl.) Upon learning this information neither defendant took any action. (*Id.*) However, once Ms. Kaskie learned of Mr. Roque's allegations, he was placed in a Psychiatric Observation Cell for 48 hours and then returned to general population.

Simultaneous to filing the Complaint, Mr. Roque filed an Application to Proceed *In Forma Pauperis*. (Doc. 2.) In his application, Mr. Roque notes that he has previously filed "3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted."[3] (*Id*.) He likewise affirms that he is not "seeking relief because [he is] under imminent danger of serious physical injury." (*Id*.)

On June 18, 2013, the Court granted Mr. Roque's Motion for Leave to Proceed *in forma pauperis* and directed service of the Complaint on the defendants. (Doc. 9, Order.) On July 9, 2013, Ms. Kaskie filed a motion to dismiss the case as frivolous as well as seeks to revoke his *in forma pauperis* status due to his accumulation of three "strikes" under 28 U.S.C. § 1915(g). (Doc. 11.) Ms. Kaskie filed a brief in support of her motion. (Doc. 12.) To date, Mr. Roque has not opposed the motion, or sought leave for an enlargement of time to oppose the motion.

On August 15, 2013, the DOC defendants moved to revoke Mr. Roque's *in forma pauperis* status, based on the same reasoning set forth in Ms. Kaskie's unopposed motion to dismiss. *See* Docs. 15 and 16. The DOC defendants also seek leave to stay their obligation to respond to the Complaint pending our

---

[3] The Court takes judicial notice of the following cases that were dismissed as frivolous or for failure to state a claim: (1) *Roque v. Luzerne Cnty. Corr. Facility,* 3:CV-04-0738 (M.D. Pa. Apr. 29, 2004)(dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); (2) *Roque v. Warmen*, 3:CV-04-0739 (M.D. Pa. Apr. 29, 2004)(dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); (3) *Roque v. Luzerne Cnty. Corr. Facility*, 3:CV-04-0777 (M.D. Pa. Apr. 29, 2004)(dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I); (4) *Roque v. Gavin,* No. 3:CV-12-2060 (M.D. Pa. July 22, 2013)(dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) failure to state a claim).

resolution of the motions to revoke Mr. Roque's *in forma pauperis* standing. *See* Doc. 17.

**III.     Standard of Review**

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). To survive a motion to dismiss, a complaint must allege sufficient facts, if accepted as true, state "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678, 129 S.Ct. at 1949. The court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* at 678, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965); *see also PA Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a district court's "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at

-4-

the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If a party opposing a motion to dismiss does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. See *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). However, under no circumstance is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See *DelRio-Mocci v. Connonlly Prop., Inc.*, 672 F.3d 241, 251 (3d Cir. 2012). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### IV. Discussion

Pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more occasions has filed an action in a federal court that was dismissed as frivolous, malicious, or

-5-

for failure to state a claim upon which relief may be granted may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Byrd v. Shannon*, 715 F.3d 117, 122 (3d Cir. 2013). The accumulation of "three strikes" does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma pauperis*, and requires them instead to pay the full $350.00 filing fee prior to commencing suit. *See Abdul-Akbar v. McKelvie, 239* F.3d 307, 314 (3d Cir. 2001).

In the case at bar, it appears the Court erred in granting Mr. Roque leave to proceed *in forma pauperis* in this matter. It is undisputed that Mr. Roque has filed three or more actions that were dismissed either because they were frivolous or failed to state a claim. *See* Doc. 2 and Docs. 11-2 through 11-5. Additionally, Mr. Roque admits that he does not fall within the single exception to the three strikes rule that would have allowed him to proceed *in forma pauperis*. Mr. Roque specifically denies being in "imminent danger of serious physical injury" when he filed his Complaint. *See* Doc. 2 at ECF p. 1. Furthermore, given the opportunity to controvert these facts when set forth in Ms. Kaskie's motion to dismiss, he has failed to do so. Consequently, Mr. Roque may not proceed in this action without prepayment of fees under § 1915(g). Therefore, in order to proceed with this Complaint, Mr. Roque must pay the full $350.00 filing fee.[4] If he pays the filing fee, the Court will direct the defendants to respond to the Complaint. If he fails to pay

---

[4] The Court notes that Mr. Roque has paid a single installment of $15.28 toward the filing fee in this matter. *See* Doc. 8. The Court will direct the Clerk of Court to return these funds to Mr. Roque.

the $350.00 filing fee as ordered, the Court will dismiss the Complaint without prejudice.

An appropriate Order follows.

                                                    /s/ A. Richard Caputo
                                                    **A. RICHARD CAPUTO**
                                                    **United States District Judge**

**Date: September  23 , 2013**